Let everybody get settled, and then we will turn to the next case, which is Evanston Insurance Company v. Aminokit Laboratories. It is docket 19-1065. Counsel, we're prepared to hear your argument. Thank you, Your Honor. For the pleas of the Court, I'm Jim Scherer. I'm here representing Aminokit Laboratories, Inc. It took me a while to get here. Before you begin, I would like to clear up a couple of jurisdictional issues. You cleared up by a 28-J, the issue with regard to the bankruptcy, but if we look at the complaint here, we've got an citizenship of the company. So I'm going to request another 28-J to tell me where it is incorporated and where its principal place of business is, as opposed to where it is domiciled, if you would do that. And then the other problem that I have is the residency of Dr. Lee. And again, we're dealing with domicile and not citizenship. And I hate to be picky, but we've got to determine our jurisdiction. And there are ways that we plead these things that are required. So just I'm requesting a 28-J on those issues. Yes, Your Honor. All right. From both parties? For the party that can tell me. Both parties, if there's a I don't believe there'll be a dispute, Your Honor. As the court is aware, this appeal involves an insurance coverage dispute arising out of the defense and settlement of an underlying action brought against AminoKit and other defendants. We're raising two discrete issues in this appeal. First is whether Colorado law would recognize an insurer's right to recovery of a settlement payment made to settle a claim against an insured under an unjust enrichment theory where the insurer is defending under a reservation of rights. Second issue is whether the admitted facts in the district court is a matter of law. Evanston agreed to fund the settlement of the underlying suit in reliance on the representations contained in AminoKit's policy application submitted to Evanston. Facts in the case are fairly straightforward. Evanston had issued a liability policy to AminoKit covering AminoKit and its employees. AminoKit was was sued in the state district court and ultimately Evanston accepted defense of that case under a pending, Evanston filed a declaratory action in the district court, federal district court, seeking a declaration that the claim was not covered under the policy and seeking recovery of his defense costs. While that action was pending, Evanston funded a settlement of the underlying suit the amount of $160,000. Immediately thereafter, Evanston amended his declaratory action to seek recovery both of his defense costs and of the settlement payment on theories of unjust enrichment and claimed misrepresentations in the policy application which had been submitted by AminoKit. Okay let's start with fraudulent misrepresentation because that's the main, that's what the district court ruled on, said that the complaint stated a claim for fraudulent misrepresentation. Doesn't it state a claim for fraudulent misrepresentation? Well given the fact of default, it does. Well isn't that the issue before us? I would disagree, Your Honor. The issue, you know, given the default, the facts in the under the allegation stated in the complaint. So you concede that the district court properly granted default judgment on the fraudulent misrepresentation and concealment claims and you're limiting your appeal to the damages question? That's correct. Okay. I will, I will address the misrepresentation issue in a moment. I would like to talk first about the question as to whether or not an insurer can recover a settlement payment on a reservation of rights. But that's only an issue if we're looking at unjust enrichment, right? That's correct. You've just conceded that the district court's decision stands on fraudulent concealment, so why do we even need to unjust enrichment? Don't we go right to damages? In this appeal, we're not challenging, we're not questioning the district court's entry of judgment for defense costs. We believe that that was a proper, proper judgment both on the unjust enrichment claim under the Heckler-Meininger line of cases and under the claim of misrepresentation. But your argument about Heckler all goes to the unjust enrichment claim and what I think Judge McHugh is struggling with too is if we accept and affirm on your arguments that pertain to fraudulent misrepresentation, we reject your arguments about damages which have to do with causation. Why would we even talk about the unjust enrichment claim and the whole issue of whether Heckler, that doctrine extends to indemnity? Well, both issues are restricted to the propriety of the district court's entry of judgment on the claim for recovery for the settlement cost. But there's no under fraudulent misrepresentation, there's no limitation on the Heckler concern with unjust enrichment doesn't apply to damages for fraudulent misrepresentation. So like Judge Moritz, if you concede that default judgment was properly entered on fraudulent misrepresentation, then we jump over all your arguments about what damages you can get on unjust enrichment and we're just talking about fraud damages. If I understand the court's question correctly, it has to do with the interrelationship between the unjust enrichment claim and the fraud claim. There is no interrelationship. There are apples and oranges. Except that the district court seemed to base its footnote on the fraud claim, which was different to me. I don't recall that. The best answer I can give is that as to both claims, which are totally separate and unrelated, we are simply seeking review of the court of the district court's entry of judgment for the settlement. And there's two separate boxes, whether Colorado law would recognize a right to recovery of a settlement payment made by an insurer under an unjust enrichment claim. But why do I care if you've conceded that the judgment was proper as to fraud? Can't we just skirt around all of that discussion and say what are the damages that are Is it your argument that you can't get the settlement payment as damages in the fraud claim too? Exactly, yes. Okay, and what do you rely on for that? I mean won't those, isn't it a question of whether they were approximately caused by the fraud? That is our argument. The issue that we have raised is whether or not the settlement, the agreement to settle to fund a settlement by Evanston was approximately caused by the claim misrepresentations in the policy application. And your opponent's argument is if you hadn't lied to me, we wouldn't have issued this policy, therefore we never would have been That's their argument, yes. Okay, what's your response? I think their argument is based on a misidentification of the issue here. Under black letter law, fraud requires damages resulting from a plaintiff's reliance on the representations by the defendant. The representations at issue here are the statements in the policy application that was submitted before the policy was issued. Now given the default, those are admitted, deemed admitted. I think there's a gray area there certainly. I think it's certainly true and it was alleged in their complaint that they would not have issued the policy had the true facts been known. However, it is a different question as to whether or not they would have settled. At the time they agreed to settle, they had a declaratory judgment proceeding pending. They were aware or on notice of the actual facts that was both brought out at the default hearing and that was I'm sorry to interrupt, but I did the declaratory judgment proceeding that was not only argue a lack of coverage, did it also argue what ultimately became the basis for the fraud claim, which was the misrepresentation in the application? It did. There was a separate claim for that. So are you conceding essentially that when they say they reserved rights, which generally applies to coverage, that they also reserve their rights somehow to proceed with the fraud claim? Does that make sense? Generally a reservation of rights means we're gonna go ahead and defend and in this case we're gonna go ahead and settle, but we are reserving our rights because we don't think the policy, the terms of the policy cover, but eventually we end up with a verdict here or a decision based not on See what I'm saying? That reservation of rights just really kind of confuses me here because the reservation of rights pertains to coverage generally and not not to the misrepresentation on the application because that means the policy was void or at least that's what the district court suggested. I'm running low on time. Short answer to a quick question. The district court in its judgment in its order ruled on both issues, both on the unjust enrichment claim and the fraud claim. I understand. The issue of whether or not the reservation of rights later covered fraud was addressed during the trial slash default hearing and essentially that was not something that was in there. I would say it's not something that has to be in there. That's a separate issue and I have two minutes if I could reserve. May it please the court, counsel. Chris Brown on behalf of Evanston Insurance Company, co-counsel Ron Nimero seated at the table with me. I'll jump right into the court's questions starting with the jurisdictional issues. The state of incorporation and the kind of heartbeat of Evanston, one is Virginia and one is Illinois and I can't remember which is which. Why don't you put it in a 28-J? Okay. But we need to know those things to determine our jurisdiction. As far as the amino kit has raised, I think Judge McHugh hit the nail on the head. We're dealing with two entirely different claims. One claim is a fraud claim based on misrepresentations that predated the policy which led to the policy being issued. Those are on a separate track. What I think counsel thinks of as a more juicier coverage issue that has not definitively been decided by the court is the reservation of rights issue and whether HECLA would extend a reservation of rights for reimbursements to a settlement payment as opposed to just defense costs. Well let me focus you since we, it seems reasonable to focus on fraud. By the time your client paid out the settlement funds, they were well aware of the fact that this policy had been obtained by fraudulent representations. Is that fair? I think it's fair to say that they, they believe that there, that there may have been fraud involved. The difference between what happened at the time of funding the settlement and as we stand here today is that there's been an adjudication. An insurance company is always wary of jumping the gun because of the hammer cause of a bad-faith litigation and although it may have believed that there... Could you clarify what you mean? Jumping the gun on an action to void the policy? To void the policy or to deny coverage or to deny a defense. Sitting in the background is always the unreasonable efforts of an insurance company which carries with it treble damages that most insurance companies don't want to get involved in and I think during the hearing in the district court, Evanston's representative testified to just that. They're very wary of bad-faith claims and so at the time they funded the settlement, yes, they believed that there had been fraud. There had not been... Well, they knew because they pled it, right? They knew. That's not correct. They, the original complaint was strictly a declaratory judgment complaint. There was not a claim for fraud. It was only after the settlement had been funded that a fraud claim and an unjust enrichment claim were added. The initial complaint also involved a different party. There were two cases preceding the same tax so the amended complaint dropped a party, one of the two claims. So although there were suspicions that there had been fraud going on, there was nothing proven and they didn't want to go on suspicions and deny coverage and deny indemnity and instead they followed Hecla's reasoning and funded the settlement under reservation rights but that is distinct from the fraud. I think we heard based on the court's order from the district court as well as concessions made today by counsel for AminoKit there's no issue regarding the fraud. This court doesn't have to get past, doesn't have to get to the issue of Hecla. It doesn't have to get to unjust enrichment. It can stop at fraud and AminoKit has conceded all the elements of fraud and said we're only discussing damages but if you read the trial court's transcript, they stipulated to the amount of damages and so the case law is... They're questioning causation, I think. But causation is a factual issue and they don't get to question causation. Reliance and causation are both factual issues that were decided when they defaulted. They don't get to question it in relation to damages whether these damages were caused by the particular damages you're claiming were caused by the reliance. I think they could challenge as they have the damages that flow from an unjust enrichment claim where arguably the Colorado Supreme Court has not been definitive. When we're talking about fraud damages are clear. As soon as they bound coverage based on the misrepresentations and fraudulent concealment from AminoKit, they were put and locked into the contract. And once they were locked into the insurance policy, all of Colorado law governing insurers actions under the policy came into play. The duties of good faith and fair dealing, the hammer clause of bad faith litigation. Evanston was under all of those as soon as they bound coverage. All of that predated the binding of coverage, all of the fraud. And so as soon as they were put on that track, they were under those obligations. They had no adjudication regarding the fraud and so when AminoKit demanded settlement, they had no adjudication saying that there was definitively fraud and so they funded the settlement. Those damages flow as approximate result of being bound to coverage based on the misrepresentations. From a practical perspective, Evanston did the best it could do. It acted in a reasonable and what the Colorado Supreme Court would hope all insurers would act like under the circumstances. It protected its insured at the time, it protected the tort victim at the time, and then it decided to quibble about coverage and reimbursement afterwards. But it could have it could have decided as soon as it had a good faith belief had been defrauded, it could have rescinded the contract. Any insurance company in any situation can rescind the contract. Now whether that is consistent with their duties of good faith and fair dealing under Colorado law, that is more of a factual inquiry. And under these circumstances, I believe Evanston did fulfill its duties. How important is it that AminoKit was pressuring this settlement, saying you're playing a I think that that's very important when we're talking about unjust enrichment and if the court gets there. I think it doesn't matter for fraud. I think the fraud is open and closed. If we get to unjust enrichment though, that does matter when you start to look at the different case law across the jurisdictions. And so there are cases that plaintiffs cite certainly, where and that Evanston cites, where the fact that it's the insured demanding the settlement is important. Cases that plaintiffs cite, there are some where the insurance company demands the settlement or it settles the claims without the knowledge of the insured or it settles the claims over the insured's objections. That is a completely different situation and those courts in different jurisdictions with those facts came down differently. Every court that deals with that follows heckler's reasoning and is presented with a factual situation where the insured is demanding the settlement and the insured is threatening bad faith have come down and extended the right to reimbursement to settlement payments. Unfortunately not in Colorado though, right? Well, not definitively. I think there's no practical difference between a reimbursement for defense costs and a reimbursement for settlement. In fact, if anything, and I believe the Sixth Circuit said this, it's easier to get to reimbursement for settlement. There's more policy considerations in play for settlement. There's compensation for reimbursement defense costs. There is the public policy in favor of settlement agreements. And so those public policies support even more so than the reimbursement of defense costs, the reimbursement of settlement payments. I have a question for you. If we do reach that question, I'm kind of perplexed by the fact that this case presents an entirely different scenario with respect to the heckler extension argument. And that is here all of those cases that I could see in Colorado or otherwise are based on the idea that the insurer reserved its rights. And it reserves the rights based on the issue of coverage being owed. Whether it is or isn't. And your reservation of rights letter very clearly talks about the coverage issue. But eventually you don't have a judgment because of the coverage issue. That was never determined by the district court. You only have a judgment on the fraud with respect to the application. Do any of these cases that you've discussed nationwide have fraud in the application process and a fraud finding as the basis for essentially, does that make sense, for the application of the heckler doctrine? If I understand your question correctly, you're saying if the basis for denying coverage in the reservation of rights is fraud, does any case deal with that? It wasn't. You didn't cover it fraud in your reservation of rights letter. You talked about coverage and you don't have a no coverage finding today. And that's what those cases are based on is no coverage, not a void contract that is a totally separate issue. And everyone seems to accept that this analysis somehow applies, but I don't see a single case like this. If you had a judgment on the coverage, yeah, we could talk about it, but you don't. I believe we do have a, I believe the district court did reach the issue of coverage. It didn't for your, I mean, in saying that it was, there was no coverage you mean because the contract is void? Not because the contract is void. Okay, maybe I'm not understanding. So there were the fraud and misrepresentation issues, but those were not where the court came down on the coverage issue. The bigger issue was it was outside the professional liability. Wasn't that on the doctor? It was on the doctor, but it also applied to Aminokit. Because the district court specifically said in the order that's being appealed from here that it was not going to decide the coverage issue because it didn't have to. And that was on behalf of Aminokit. So you don't have that determination. I suppose there was, well first to answer your initial question, I'm not aware of any of the cases that extend it based on a, where coverage was not determined. Although I'm not sure you needed a decision on coverage to reach it. Well these cases all are talking about a reservation of rights and your reservation of rights was not based on the fraud in the application. Your reservation of rights is based on the lack of coverage. Assuming the existence of a policy that was valid. And I don't have the site in front of me. I believe that there is case law where you don't need to include all the basis for denying coverage in a reservation of rights letter. That you, that it doesn't need to be all encompassing. If I'm understanding your question correctly. Does it even matter? I mean if there was fraud, you have a right to damages caused by the fraud. And whether you reserve your rights or not, you've got a right to those damages if they were caused by the fraud. Again I think the inquiry before this court ends at fraud, if this court goes beyond fraud and we start discussing the unjust enrichment, I think a determination of fraud even then serves as a coverage determination. Because as the court can see from the policy itself, that is a main exclusion in the policy. And so I think when we talk about cases from other jurisdictions where they, where they find it, I think other jurisdictions would follow what the district court has done here. I would draw the court's attention to perhaps the most on-point case we came across. And that would be out of the Sixth Circuit, the Hellerich decision. It is almost identical to the factual situation here where the insured reserves, or where the insurance company reserves its right to seek reimbursement. The insured acknowledges that but refunded. And that court did exactly what the district court did here. It found for the policy reasons that, that settlement reimbursement is appropriate. I think the one other issue, as my time is winding down, to address is the motion to certify. Again, if this court stops at fraud there's no reason to reach the motion to certify. To the extent the court gets to unjust enrichment, the 25 years of this court's own application of HECLA in Valley Forge shows the clear course that the Colorado Supreme Court would have taken in this case. This Colorado Supreme Court would have not viewed it even as an extension, but just a continuation of the incentives that it wants to give to insurance companies to protect the insureds, to balance the interests of the insureds, and the insurance company. So to the extent this court reaches the unjust enrichment claim, there's no basis for submitting it to a motion to certify, or to certifying it to the Supreme Court. Also, because of the fraud claim, it's not outcome determinative. And the two courts that have wrestled with this certification under similar circumstances would be Hellerich and Grandpoint. That's the Sixth Circuit in the Eastern District of Tennessee, and they both declined to certify the question to the Supreme Court. Thank you, Your Honors. Thank you. I'd like to briefly address the fraud issue that seems to be the court's main area of concern here. As a essential element of fraud under Colorado law, it's required to show that there is action by the plaintiff in reliance on the representation or concealment resulting in damage to the property. The damages awardable for fraud are the damages resulting from the plaintiff's reliance. Now, the allegations of the amended complaint were that Evanston had issued the policy in support and award of defense costs because the issuance and existence of the policy at the time the underlying case was filed obligated Evanston to fund defense of the case. However, the issuance of the policy did not obligate Evanston to agree to fund the settlement. What you're asking us to do is to add facts to the complaint, meaning a fact of when they discovered the fraud, but we're dealing with this on default judgment, and I don't really think you get to do that. We're not trying to do that, Your Honor. There's two issues. Number one, the legal causation issue. In other words, was the agreement to settle caused or prompted by reliance on the met representations in the policy application? I submit the answer to that question is no. And also to answer the court's question directly, the complaint itself did not state that they had settled in reliance. However, during the default hearing, Evanston did acknowledge that they were on notice from the allegations of the underlying complaint as to the possible misrepresentations in the complaint. I have five seconds. Oh, I am over. Sorry, Your Honor. Thank you for your arguments. The case is submitted.